COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Kelsey
Argued at Chesapeake, Virginia


LARRY DEAN STAPLES

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2804-05-1              JUDGE ROBERT J. HUMPHREYS
                                                            APRIL 18, 2006

TERRI MORGAN STAPLES


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Paul H. Wilson (Wilson & Wilson, P.C., on briefs), for appellant.

E. Thomas Cox, for appellee.


Appellant Larry Dean Staples ("husband") appeals the trial court's denial of his motion to

compel appellee Terri Morgan Staples ("wife") to convey to him, pursuant to the parties' final

divorce decree, one-half of the equity she received from the sale of the marital residence.

Husband contends that the trial court's order, in effect, substantively modified the terms of the

final divorce decree more than twenty-one days after entry of the decree, in violation of Rule 1:1.

In response, wife argues that husband's appeal is procedurally barred under Rule 5A:18.  For the

reasons that follow, we agree with wife and, therefore, affirm the judgment below.  We also deny

husband's request for an award of the attorneys' fees he incurred in pursuit of this appeal.

The relevant facts are not in dispute.  The parties, who married in 1979, separated in

August of 1993.  At the time of their separation, the parties entered into a property settlement

agreement.  As pertinent to this appeal, the agreement provided that "Wife shall have sole

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

possession of the former marital residence," but that "[a]ll equities remaining after the sale of the marital residence shall be divided equally between the parties." On June 5, 2000, the trial court entered a final divorce decree affirming, ratifying, and incorporating the 1993 property settlement agreement.

After the divorce, husband moved into the marital residence, and wife moved to a different home. Wife, however, continued to make the mortgage payments, and husband paid no rent during the three years that he lived in the house. After husband vacated the premises, wife spent $5,000 to "make repairs associated with or directly related to the husband's occupancy and the condition in which he left the property."

In May 2004, wife sold the house. Of the purchase price, $21,914.52 was attributable to accumulated equity in the property. Husband then filed a motion, by way of a show-cause order, asking the trial court to compel wife to convey to him one-half of the equity she received after selling the house. The trial court denied husband's request, reasoning that, after subtracting the $5,000 that wife spent repairing the home, the remaining equity value of the residence totaled $16,914.52. The trial court noted that, under the terms of the settlement agreement, husband was entitled to half of that amount, or $8,454.26.[1] However, the trial court then imputed to husband an agreed-upon figure of $250 in rent for each of the thirty-six months that he lived in the home, for a total of $9,000. After comparing the $9,000 debit against husband's $8,457.26 share in the equity value of the home, the court concluded that there was "no balance remaining." As the trial court expressly noted in its written statement of facts, "[n]o exception was made to the Court's ruling" at the conclusion of the show-cause hearing. Also, although husband's counsel

---

[1] The trial court's calculation reflects a minor error in computation. Specifically, half of $16,914.52 totals $8,45**7**.26 rather than $8,45**4**.26. This three-dollar difference, however, would not have affected the trial court's ultimate decision, nor was it assigned as error on appeal.

endorsed the final order as "SEEN AND OBJECTED TO," the record does not reflect any grounds for the objection.

On appeal, husband argues for the first time that the trial court's ruling constitutes an impermissible modification of the final decree of divorce. It is well settled, however, that "no ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Rule 5A:18. And, because this Court "will not consider on appeal an argument that was not presented to the trial court," Roberts v. Roberts, 41 Va. App. 513, 525, 586 S.E.2d 290, 296 (2003), an appellant, "though taking the same general position as in the trial court, . . . may not rely on reasons which could have been but were not raised for the benefit of the lower court." West Alexandria Prop., Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980).

Here, husband took the position before the lower court that, under the terms of the divorce decree, he was entitled to one-half of the equity wife received from the sale of the marital residence. Husband never argued, however, that the trial court's failure to order that transfer would violate the twenty-one-day rule. And, although husband endorsed the trial court's final order as "SEEN AND OBJECTED TO," this Court has held that merely endorsing a final order as "seen and excepted to for all reasons stated in the record" is insufficient, standing alone, to preserve a particular issue for appeal. See Courembis v. Courembis, 43 Va. App. 18, 26, 595 S.E.2d 505, 509 (2004).

It is clear, then, that husband never made a "specific" and "timely" objection to the trial court's holding on the basis that the court's ruling constituted an impermissible substantive modification of the final divorce decree. Accordingly, we hold that this argument is procedurally barred under Rule 5A:18. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

Husband further contends, however, that this Court should invoke the "ends of justice" exception to Rule 5A:18 to consider the merits of his appeal. To avail himself of the ends of justice exception, husband must "affirmatively show that 'a miscarriage of justice [has] occurred, not . . . that a miscarriage might have occurred.'" Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 11 (1989) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). To sustain this burden, the trial court's error must be "clear, substantial, and material," id. at 132, 380 S.E.2d at 11, such that "application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005).

Under the circumstances of this case, we hold that husband has failed to carry his burden of proving "clear, substantial, and material error." Id. It is clear that the trial court was aware of the substantive provisions of the final divorce decree, and, in its final ruling, the trial court both interpreted and applied those provisions. Absent from this ruling is any indication that the trial court believed it was substantively modifying the terms of the final decree. Thus, because the trial court's holding does not clearly modify the substantive provisions of the final divorce decree, we decline to invoke the ends of justice exception to consider the merits of this appeal.

For these reasons, we hold that husband's appeal is procedurally barred by Rule 5A:18, and we, therefore, affirm the judgment below. Finally, because we hold that the appeal is procedurally barred, we also deny husband's request for an award of the attorney's fees he incurred in pursuit of this appeal.

Affirmed.