COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


WALTER LAMONT GOODE

MEMORANDUM OPINION[*] BY
v.       Record No. 0459-06-2        JUDGE ROBERT J. HUMPHREYS
                                      MARCH 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge Designate

Travis R. Williams (Todd M. Ritter; Daniels & Morgan, on brief),
for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Walter Lamont Goode ("Goode") appeals his conviction for violating the terms and

conditions of a previously suspended five-year sentence. On appeal, Goode argues that the trial

court erred "when it revoked the [previously suspended] five year sentence and resuspended

three years, without accounting for [his] prior completion of the Detention and Diversion Center

programs as part of the original sentence."[1] Finding that the issue was not properly preserved for

appeal and that the "ends of justice" exception to Rule 5A:18 does not apply, we affirm the

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Prior to oral argument, the Commonwealth presented this Court with an affidavit from
Felicia Smith, a manager in the Court and Legal Services Section for the Virginia Department of
Corrections. The affidavit stated that Goode "has been given credit for . . . periods of time spent
in Detention/Diversion Centers from March 2004 through December 2004." However, because
this is not part of the record below, and because this evidence was not presented to the trial court,
we do not address it.

BACKGROUND

On appeal, a court reviews the evidence "in the light most favorable to the Commonwealth," as the prevailing party below, giving "it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). So viewed, the evidence established the following.

On July 21, 2004, the Circuit Court of Chesterfield County convicted Goode of being a habitual offender, and sentenced him to five years in prison. The trial court suspended his sentence conditioned on his completion of the Diversion and Detention Center Incarceration Programs ("the program"). Goode completed the program and, on December 17, 2004, was released to probation supervision.

On October 12, 2005, Goode was convicted in the City of Petersburg of distribution of cocaine and possession of a firearm by a convicted felon. The Chesterfield Circuit Court issued a capias for Goode's arrest and an order to show cause why his previously suspended sentence should not be revoked.[2] On February 1, 2006, the Chesterfield Circuit Court held a revocation hearing and determined that Goode was in violation of his previously suspended five-year sentence. The court revoked the suspension, ordered Goode to serve two years, and resuspended the remaining three years. At the time, Goode was serving two two-year sentences for the Petersburg convictions, and he asked the trial court to run the Chesterfield Circuit Court's sentences concurrently with the sentences imposed by the Petersburg Circuit Court. The trial court denied Goode's request.

The trial court entered a sentencing order on February 23, 2006. The order does not indicate that Goode received credit for time spent in the program. Goode timely noted his appeal.

---

[2] Goode stipulated that he was in violation of the terms of his probation.

ANALYSIS

Goode argues that the trial court erred "in sentencing [him] in th[e] revocation proceeding when it made no allowance for [his] prior completion of the Detention and Diversion Center Programs." Goode concedes on brief that he failed to present any evidence to the trial court regarding the amount of time spent in the program, or that he participated at all, and that there was "[no] contemporaneous objection lodged to the failure of the trial court to provide credit for the time so served." Regardless, Goode asks this Court to entertain his appeal based upon the ends of justice exception to Rule 5A:18. We decline to do so for the following reasons.

According to Rule 5A:18 of the Rules of the Supreme Court of Virginia, this Court will not consider an argument on appeal which was not presented to the trial court. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Rule 5A:18. However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." See Legette v. Commonwealth, 33 Va. App. 221, 224, 532 S.E.2d 353, 354 (2000). The "ends of justice" provision is a narrow exception that "may be used when the record *affirmatively shows* that a miscarriage of justice has occurred, not when it merely shows that a miscarriage might have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis added).

Goode relies on Charles v. Commonwealth, 270 Va. 14, 613 S.E.2d 432 (2005), to support his contention that the "ends of justice" exception should apply to his case. In Charles, the defendant was sentenced to five years imprisonment with four years suspended. Id. at 16, 613 S.E.2d at 433. After serving his one-year sentence, the defendant was released on probation. Id. at 17, 613 S.E.2d at 433. The defendant violated his probation, and the trial court revoked his suspended sentence, resuspended the sentence, and again placed the defendant on probation. Id.

As a condition of his probation, the defendant was required to enter and complete a Detention Center Incarceration Program. Id. He completed the program in five months, but violated his probation. Id. The trial court revoked his second probation and imposed the remaining four years of the original five-year sentence. Id.

On appeal, the Virginia Supreme Court held that the trial court erred in sentencing the defendant to the remaining four years of the original sentence. Id. at 18, 613 S.E.2d at 434. Specifically, the Court held that participation in the program was "incarceration," and by imposing the four years, the trial court added five months' incarceration to the defendant's original sentence. Id. The trial court lacked the authority to "enter a sentencing order that *extended the period of incarceration* beyond that imposed in the [original] final sentencing order," thus resulting in a miscarriage of justice. Id. at 19, 613 S.E.2d at 435 (emphasis added).

Goode argues that the facts of his case are "strikingly similar" to those in Charles. However, he fails to recognize two crucial distinctions. Specifically, by failing to give the defendant credit for his time in the program, the trial court in Charles ultimately ordered the defendant to serve a period of incarceration which was five months in excess of the original sentence. Here, the trial court reimposed Goode's original five-year sentence, and resuspended three of those years. Thus, up to this point, Goode's actual incarceration time totals two years of the original five-year sentence, plus time, if any, spent in the program.[3] Therein lies the second crucial distinction.

In Charles, the evidence affirmatively showed that the defendant was required to serve five months more than the original sentence. Here the record does not demonstrate that Goode has been required to serve more time than the sentence originally imposed and, therefore, the

---

[3] We do not take into consideration Goode's sentences for the crimes which resulted in his probation revocation, namely the two, two-year sentences. The trial court denied Goode's request to have the sentences run concurrently.

record fails to "affirmatively show" that a miscarriage of justice has occurred.[4]  Thus, we decline

to invoke the ends of justice exception and we affirm Goode's appeal.

Affirmed.

---

[4] For the same reason, we are likewise unpersuaded by Goode's reasoning, advanced during oral argument, that "accurate record keeping" supports an invocation of the "ends of justice" exception to Rule 5A:18.