COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia


LESTER O'NEIL WOODRUFF

                                 MEMORANDUM OPINION[*] BY
v.       Record No. 1178-09-3        CHIEF JUDGE WALTER S. FELTON, JR.
                                    NOVEMBER 9, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

David D. Embrey for appellant.

Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Lester O'Neil Woodruff ("appellant") was convicted by a jury of possession of cocaine

with intent to distribute pursuant to Code § 18.2-248.  On appeal, appellant argues the trial court

erred in denying his motion to suppress evidence seized from him and statements he made to

police.[1]  He also contends his conviction should be set aside because the indictment was

"constructively amended."  For the following reasons, we affirm the judgment of the trial court.

Because the parties are fully conversant with the record in this case, we recite only those

facts and incidents of the proceedings as are necessary to the analysis.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This appeal is governed by Rule 5A:20(c) as worded prior to its revision effective July
1, 2010, changing the requirement for setting forth "questions presented" to "assignments of
error."

I. Motion to Suppress

Appellant contends the trial court erred in denying his motion to suppress the evidence seized from his person and his car. He asserts that Lynchburg Police Department Vice Narcotics Unit Investigators Riley and Smith exceeded the scope of a Terry[2] pat down resulting in his unconstitutional arrest. He further asserts the statements he made to the investigators at the scene and later at the police station should have been suppressed as fruit of the poisonous tree of an unlawful search and seizure of evidence. See Wong Sun v. United States, 371 U.S. 471 (1963).

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). However, "'[u]ltimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal." Id. (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). Similarly, "[w]e analyze a trial judge's determination whether the Fourth Amendment was implicated by applying *de novo* our own legal analysis of whether based on those facts a seizure occurred." Id. at 198, 487 S.E.2d at 261.

Here, the investigators observed appellant involved in a suspected drug transaction outside of a residence that was well-known to the investigators for illegal drug activity.[3] Appellant drove away from the residence and pulled over to the side of the road approximately

---

[2] Terry v. Ohio, 392 U.S. 1 (1968).

[3] The vice narcotics unit had received 25 reports of drug activity, served several warrants, and conducted three controlled drug purchases at that residence in the previous 18 months.

20 blocks later. The investigators, who were driving an unmarked police car, pulled in behind appellant. The police car, located approximately "a car length and a half" behind appellant's car, did not obstruct appellant's ability to drive away. At no time did the investigators activate the emergency lights on the police car. Both investigators were dressed in plain clothes and displayed police badges around their necks.

The investigators reasonably believed that appellant had been involved in a drug transaction from their observations a few minutes earlier. When the investigators approached appellant, he consented to talk to them and consented to a search of his car for guns or ammunition. Prior to searching the car, Investigator Smith asked appellant if he had any weapons on his person. While talking to Investigator Smith, appellant repeatedly put his hands in his pockets even though he was asked numerous times not to do so by Investigator Smith. Appellant exhibited increasingly nervous behavior (shifting his weight from foot to foot and looking over Investigator Smith's shoulder). At oral argument on appeal, appellant expressly conceded the investigators had sufficient reasonable suspicion to conduct an investigatory detention and to perform a pat down for weapons.

During the pat down, Investigator Smith felt what he suspected, based on his training and experience, to be drugs in appellant's pocket.

> "Assuming the object discovered in the pat-down does not feel like a weapon, *this only means* that a *further search* may not be justified under a <u>Terry</u> analysis. There remains the possibility that the feel of the object, *together with other suspicious circumstances,* will amount to probable cause that the object is contraband or some other item subject to seizure, in which case there may be a *further search based upon that probable cause*."

<u>Bunch v. Commonwealth</u>, 51 Va. App. 491, 495, 658 S.E.2d 724, 725 (2008) (quoting 4 Wayne R. LaFave, <u>Search and Seizure</u> § 9.5(c), at 668-69 (4th ed. 2004)). Once he felt what he suspected was a bag containing cocaine in appellant's pocket, Investigator Smith asked appellant

if he intended to smoke the "crack" in his pocket. Appellant admitted that was his plan. Based on appellant's admission, Investigator Smith had probable cause to arrest appellant for possession of cocaine, and authority to remove the bags from his pockets in a search incident to his arrest.[4] Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981) ("[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.").

Accordingly, we hold that the trial court did not err in denying appellant's motion to suppress.

## II. Constructive Amendment of the Indictment

For the first time on appeal, appellant argues that his conviction for possession of cocaine with intent to distribute should be set aside because the amended indictment for possession of cocaine with intent to distribute, third or subsequent offense, was "constructively amended."[5] He asserts that the constructive amendment occurred because the jury instructions granted by the trial court and verdict form it gave to the jury did not contain the words "third or subsequent

---

[4] Appellant's argument that his statement admitting that he had cocaine in his pocket was obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), was not argued to the trial court. Because appellant did not raise his Miranda argument to the trial court, he is barred by Rule 5A:18 from raising it for the first time on appeal.

In any event, we need not address the issue further because the exclusionary rule does not apply to physical evidence discovered as a result of a Miranda violation. United States v. Patane, 542 U.S. 630, 634, 644-45 (2004) (plurality and concurring opinions); United States v. Sterling, 283 F.3d 216, 219 (4th Cir. 2002). "In short, the privilege against self-incrimination is simply 'not concerned with nontestimonial evidence.'" Rowley v. Commonwealth, 48 Va. App. 181, 183, 629 S.E.2d 188, 189 (2006) (quoting Oregon v. Elstad, 470 U.S. 298, 304 (1985)).

[5] "A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994).

offense." Accordingly, appellant requests that we invoke the ends of justice exception to Rule 5A:18.

"Application of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). We decline to invoke the ends of justice exception here.

Viewing the evidence in the light most favorable to the Commonwealth, the evidence showed that appellant admitted to the investigators that he purchased four ounces of cocaine to distribute. Appellant told the investigators that he used some of the cocaine found in his car himself, distributed some of it to others, and planned to distribute the rest later that evening. From the evidence admitted at trial, the jury could clearly find beyond a reasonable doubt that appellant was guilty of possession of cocaine with intent to distribute.

Even though prior to trial, the trial court amended the indictment to charge possession of cocaine with intent to distribute, third or subsequent, the jury was instructed only on the proof necessary to determine appellant's guilt of possession of cocaine with intent to distribute. The jury convicted appellant of that offense, a lesser-included offense of that charged in the amended indictment. See Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) ("A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense."); see also Ansell v. Commonwealth, 219 Va. 759, 762, 250 S.E.2d 760, 762 (1979) (Code § 18.2-248 is a specific recidivist statute that "provid[es] additional punishment for subsequent commission of the *same offense*" (emphasis added)). After the jury returned its verdict of guilty of possession of cocaine with intent to distribute, the trial court amended the sentencing instructions to the jury to reflect the statutory range of punishment for the offense for which appellant was convicted.

Appellant cannot show that the conviction for a lesser-included offense than that charged in the amended indictment prejudiced his defense. He was not convicted of a distinctly different offense than that charged in the amended indictment. He was convicted of a lesser-included offense with a maximum punishment less than that which could have been imposed had he been convicted of the offense charged in the amended indictment. Accordingly, because appellant cannot show "a grave injustice or the denial of essential rights," we decline to invoke the ends of justice exception to set aside appellant's conviction due to his asserted constructive amendment of the indictment. Charles, 270 Va. at 17, 613 S.E.2d at 433.

## CONCLUSION

For the foregoing reasons, the Court affirms the judgment of the trial court.

Affirmed.