COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Kelsey and Huff
Argued by teleconference


MARIA C. McKINNON
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0044-11-1                   JUDGE GLEN A. HUFF
                                                  NOVEMBER 29, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                           Johnny E. Morrison, Judge

            Gregory K. Matthews (Office of the Public Defender, on brief), for
            appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        On July 1, 2010, Maria C. McKinnon ("appellant") was charged with felony child neglect,

in violation of Code § 18.2-371.1.  On December 10, 2010, appellant was convicted in a bench

trial in the Circuit Court of the City of Portsmouth ("trial court") of misdemeanor child neglect,

in violation of Code § 18.2-371.  On appeal, appellant contends that the trial court erred in

convicting her of misdemeanor child neglect because 1) the evidence was insufficient to support

her conviction; and 2) misdemeanor child neglect, Code § 18.2-371, is not a lesser-included

offense of felony child neglect, Code § 18.2-371.1.  For the following reasons, we affirm.


---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND[1]

On August 10, 2010, after the conclusion of the Commonwealth's case-in-chief and again after appellant's case-in-chief, appellant's counsel moved to strike the evidence as insufficient on the grounds that the Commonwealth failed to prove criminal negligence, which is a necessary element for felony child neglect.  The trial court denied the initial motion to strike, and on the second motion to strike ruled that, "[a]fter hearing all the evidence and motions, the Court will take [the] finding under advisement and will order a presentence report."

On December 10, 2010, the matter was again before the trial court for final disposition. Appellant's counsel moved the trial court to dismiss the indictment after the Commonwealth had presented additional evidence and rested.  Appellant's counsel specifically argued that felony child abuse and neglect requires a showing of "reckless disregard for human life," and the facts of the case did not support the charge.  The trial court ruled, "[t]he Court is of the opinion at this time that the evidence is sufficient to warrant a finding of guilt for child neglect, *a misdemeanor*, not felony; therefore, the Court finds you guilty of a misdemeanor."  (Emphasis added).  The trial court then asked appellant if she had any reasons why a sentence should not be pronounced against her that day, to which appellant personally responded.  Appellant's counsel, however, did not raise an objection to the reduction of the charge from felony child neglect to misdemeanor child neglect, nor to the sufficiency of the evidence for a misdemeanor child neglect conviction.  In fact, appellant's counsel conceded at oral argument that the failure to object was a matter of trial strategy.

This appeal followed.

---

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

## II. ANALYSIS

On appeal, appellant alleges that the trial court erred in convicting her of misdemeanor child neglect because 1) the evidence was insufficient to support her conviction of misdemeanor child neglect; and 2) misdemeanor child neglect, Code § 18.2-371, is not a lesser-included offense of felony child neglect, Code § 18.2-371.1.  In making these arguments, appellant concedes that she did not preserve either argument before the trial court, but asks this Court to apply the "ends of justice" exception to Rule 5A:18 and reach the merits of the issues on appeal. For the following reasons, we hold that appellant did not properly preserve either issue for appeal, and we decline to invoke the ends of justice exception.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  "[T]he main purpose of the rule is to ensure the trial court can 'consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'"  Kovalaske v. Commonwealth, 56 Va. App. 224, 230, 692 S.E.2d 641, 644 (2010) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)).

"'[A]pplication of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights.'"  Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165 (2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)).

> The ends of justice exception is narrow and is to be used sparingly, and only when a trial court error is clear, substantial and material. In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.  In examining a case for miscarriage of justice, we do not simply review the sufficiency of

the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.

Tooke v. Commonwealth, 47 Va. App. 759, 764-65, 627 S.E.2d 533, 536 (2006) (citations omitted) (internal quotation marks omitted).

> The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant. . . . "In order to show that a miscarriage of justice has occurred, . . . the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur."

Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 273 (1997)). "The non-offense prong of the ends of justice analysis is similar to a legal impossibility analysis. . . . 'Legal impossibility occurs when a defendant's actions, even if fully carried out exactly as he intends, would not constitute a crime.'" Id. at 516, 680 S.E.2d at 341 (citation omitted).

Where there is "a conviction of an offense . . . [that] is not a lesser-included offense of the indicted charge," the judgment appealed from is subject to the usual procedural requirements for consideration on appeal – Rule 5A:18. Edwards v. Commonwealth, 41 Va. App. 752, 765, 589 S.E.2d 444, 449 (2003) (en banc) (holding the appeal of appellant's conviction for a crime that was not a lesser-included offense of the indicted crime was barred pursuant to Rule 5A:18 on the basis that the defect was not jurisdictional, and therefore was not an issue that could be raised at any point without a timely and appropriate objection).

A. Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to support her conviction of misdemeanor child neglect, under Code § 18.2-371, and asks this Court to apply the ends of justice exception to Rule 5A:18 to reach the merits of the issue on appeal.

In the present case, appellant has failed to affirmatively establish that she was convicted of conduct that was not a criminal offense, nor has she pointed this Court to a place in the record that affirmatively establishes that an element of the offense did not occur such that this Court should invoke the ends of justice exception to reach the merits of the sufficiency of the evidence argument. Because appellant has failed to meet her burden of establishing the prerequisites for invocation of the ends of justice exception, we cannot apply the exception to this issue.

### B. Lesser-included Offense

Appellant also argues that the trial court erred in convicting appellant of misdemeanor child neglect under Code § 18.2-371 because it is not a lesser-included offense of felony child neglect in Code § 18.2-371.1, under which she was charged.[2] As this Court held in Edwards, appellant was required to timely and specifically object in the trial court in order to properly preserve this issue for appeal. 41 Va. App. at 761-67, 589 S.E.2d at 448-51.

Under these circumstances, appellant was presented with an election: object to the trial court's action and risk the trial court correcting the issue by convicting on the felony charge, or forego preservation of the point for appeal. Appellant concedes that she chose the latter, and as a result appellant is requesting that this Court provide an escape from the effects of a trial strategy decision without affirmatively establishing the requisite elements for the exception's invocation. Rather, appellant merely asserts that this Court should reach the merits of the issue under the ends of justice exception on the basis that the trial court reduced the charge to misdemeanor child neglect *sua sponte* at the very end of the trial, and no defense lawyer "worth his salt" would object to the reduction of a felony charge to a misdemeanor charge with a suspended sentence at the very end of a criminal proceeding. As appellant has not affirmatively shown that the

---

[2] The Commonwealth did not dispute on brief or at oral argument appellant's assertion that misdemeanor child neglect was not a lesser-included offense of felony child neglect.

application of the ends of justice exception is necessary in order "'to avoid a grave injustice or denial of essential rights,'" <u>Rowe</u>, 277 Va. at 503, 675 S.E.2d at 165 (quoting <u>Charles</u>, 270 Va. at 17, 613 S.E.2d at 433), Rule 5A:18 bars consideration of this issue on appeal.

## III. CONCLUSION

This Court declines to invoke the ends of justice exception to Rule 5A:18 for either issue on appeal. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>