UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Russell and Senior Judge Bumgardner
Argued at Norfolk, Virginia


JAHLMAAR KEITH OVERTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0268-17-1            JUDGE RUDOLPH BUMGARDNER, III
                                                    NOVEMBER 21, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James C. Lewis, Judge

William F. Monroe, Jr. (McClenney Law Group, on brief), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jahlmaar Keith Overton pled guilty and was convicted of (1) robbery, Code § 18.2-58,

(2) abduction, Code § 18.2-48; and (3) use of a firearm in the commission of a felony, Code

§ 18.2-53.1.  In addition to sentences for robbery and abduction, the trial court sentenced the

defendant to three years' incarceration and to three years good behavior on the firearm charge,

Code § 18.2-53.1.

This Court awarded an appeal on the sole issue of whether the trial court "abused its

discretion in sentencing appellant to an illegal sentence of three (3) years good behavior on the

charge of use of a firearm in the commission of a felony when none of the sentence was

suspended."  We conclude Graves v. Commonwealth, ___ Va. ___, 805 S.E.2d 226 (2017),

controls and the trial court improperly imposed the additional condition.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Rule 5A:18 requires a litigant to object with reasonable certainty at the time of the ruling, but that rule does not apply to an imposition of a sentence in excess of statutory authority. See Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005) (noting that "[d]enying Charles his liberty on the basis of a void sentence would impose a grave injustice upon him"). Graves v. Commonwealth, held that the three-year term of confinement authorized in Code § 18.2-53.1 was both the mandatory minimum and the mandatory maximum sentence. ___ Va. at ___, 805 S.E.2d at ___. Any part of a sentence exceeding three years is void.[1]

In this case, the trial court imposed a three-year term of good behavior following appellant's release on the firearm offense. However, because no suspended term of post-release supervision was imposed, the provision is unenforceable, and thus a nullity.

Nevertheless, we reverse the judgment of the trial court insofar as it imposes a sentence exceeding the punishment authorized by Code § 18.2-53.1, and remand the case for entry of a new sentencing order in conformity with this opinion.

Reversed and remanded.

---

[1] Under certain circumstances, Code § 19.2-295.2 authorizes a circuit court to impose a period of post-release supervision. However, to fall within the ambit of Code § 19.2-295.2, a circuit court must impose and then suspend a period of incarceration of between six months and three years. Because the circuit court did not do that with respect to the relevant charge, its actions subject to this appeal were *ultra vires*, and thus, void.