𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ANTHONY AND ALS. v. KASEY AND ALS.

MAY 19th, 1887.

1. JUDGMENTS—*Jurisdiction—Judicial limits.*—Though court has jurisdiction of subject-matter and parties, yet it is limited in its mode of procedure and in extent and character of its judgments ; and if it transcend such limits, its judgments are void, and may be so treated collaterally, *e.g.*, sentence of person charged with felony, by court, without intervention of jury, is invalid.

2. IDEM—*Case at bar.*—Where purchaser at judicial sale fails to pay his bonds, and upon rule against him and his surety, a personal decree is rendered against the surety, such decree is extra-judicial and void.

Argued at Wytheville.    Decided at Richmond.

Appeal from decree of circuit court of Bedford county, rendered December 2d, 1884, in the cause wherein Anthony and others are complainants, and John G. Kasey and others are defendants.

Opinion states the case.

*Griffin & Lowry,* for appellants.

*Burks & Burks,* for appellees.

HINTON, J., delivered the opinion of the court.

In the brief of the appellees we find the following succinct statement of facts, which are all that are necessary

for a correct understanding of the question to be decided in this case. Under a decree in the case of "Allen and others against Anthony and others," lately pending in the circuit court of Bedford county, a tract of land was sold on a credit, and the appellee, John G. Kasey, became one of the sureties on the bonds of the purchaser for the price, the title to the land being retained as a further security. The sale was reported and confirmed by the court. The purchaser making default, on a rule against him, the land was re-sold under decree in the cause, the price at the second sale being much less than at the first; whereupon a further rule was made not only against the purchaser, but also against his sureties, to show cause why a decree should not go against them for the difference between the prices at the two sales. Upon service of the rule, Kasey not answering nor appearing, a personal decree was made against him and the others for the unpaid balance of purchase money on the first sale. The decree was never satisfied, and the case in which it was rendered has long since ended. Kasey was not a party to that suit, unless his being a surety for the purchase money made him a party.

In a suit subsequently brought by creditors to subject the lands of Kasey to their debts, the appellants, in whose behalf the decree had been made, claimed a lien on the lands by virtue of their decree, and the commissioner to whom the same was referred for an account reported in their favor. Kasey and Quarles (the lands having been conveyed to the latter in trust) excepted to the report on the ground that the decree of the appellants, reported as a lien, was null and void, and therefore constituted no lien on the lands.

At the hearing this exception was sustained, and from so much of the decree as sustained it the present appeal was allowed.

It thus appears that the sole question which the court has to determine, and it is one of considerable importance

in practice, is whether the court has jurisdiction to render said decree against the defendant, John G. Kasey, who was a surety of the purchaser. For, if it did, no matter how erroneous that decree may be, it cannot be collaterally assailed with success; whereas, if the court had no jurisdiction to proceed in this summary way by rule against the surety, the decree is not merely erroneous, but absolutely void, and may be treated as a nullity in any case where its validity is called in question. "A void judgment," says Mr. Freeman, "is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings on it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void." Freeman on Judgments, § 117. *Wade* v. *Hancock,* 76 Va. 626; *Dewing* v. *Perdicaries,* 96 U. S. 196; *Oliver* v. *Houndlett,* 13 Mass. 239.

Now it is essential to the validity of a judgment or decree, that the court rendering it shall have jurisdiction of both the subject matter and parties. But this is not all, for both of these essentials may exist and still the judgment or decree may be void, because the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt. On this subject Mr. Justice Field has this pertinent observation: "Though the court may possess jurisdiction of a cause, of the subject-matter and of the parties, it is still limited in its modes of procedure and in the extent and character of its judgments. * * * A departure from established modes of procedure will often render the judgment void." *Windsor* v. *McVeigh,* 93 U. S. 282, 283. Of this many illustrations might be given, but we give only two or three taken from the brief of counsel. The circuit courts of the State have jurisdiction to enforce the collection of debts

according to an established procedure. A. holds the bond of B. for $1,000, due and unpaid. He goes into a circuit court with the bond in his hand and, without writ issued or any pleadings, asks the court to award a rule against B. to show cause why judgment should not be rendered against him for the debt and interest. The rule is accordingly awarded, executed and returned, and judgment thereupon rendered for the debt, interest, and costs. Such a judgment would be void, notwithstanding the court has jurisdiction of the subject and of the parties. Why void? Because, in the language of Mr. Justice Field, "the court is not authorized to exert its power in that way."

Again: "The circuit court of the United States, in the suit instituted therein to wind up the affairs of the Valley Bank, had jurisdiction for the collection and application of the assets of the bank; it had jurisdiction of the subject matter and presence of the parties to be affected by its judgment;" yet the judgments it rendered on certain proceedings had in the cause were afterwards, in the case of *Nulton* v. *Isaacs*, 30 Gratt. 740, declared void. Why? Because the court had exerted its power in a way not warranted by the law.

And so in *Thurman* v. *Morgan*, 79 Va. 367, a case not unlike the present, the circuit court had jurisdiction of the subject, and the parties against whom the decree was rendered were brought before the court, yet the decree was declared by this court to be void. Why? Because, though the sureties of the receiver may have been liable for his default, the circuit court had no power under the law to proceed against them in that cause according to the method adopted. They were not parties to the cause, and the procedure by rule to bring them in and subject them for liability as sureties on the bond of the receiver, though he was an officer of the court, was against every sound principle of jurisprudence and without any recognized precedent.

It seems difficult to distinguish this last mentioned case

from the one at bar. In each of them the proceeding was against sureties, who were not parties to the suit in which the proceeding was had, unless made so by being on the bonds, and in both cases the proceeding was by rule. Yet in that case this court held that the proceeding by rule was such a departure from the established mode of procedure as to render the decree not only erroneous, but void.

In *Clarkson* v. *Read*, 15 Gratt. 288, this court held that the purchaser was a party to the suit as to all matters appertaining to the purchase, and might therefore be proceeded against by rule in case of default. But no such reason exists in our opinion for such a summary procedure against a surety. He does not deal directly with the court, and so become a party to the suit. His undertaking is collateral to the contract of purchase. It is that of a mere surety, and cannot be extended by construction in any respect. And to use the language of this court in *Thurman* v. *Morgan, supra,* "Their liability, if any, grows out of their undertaking as sureties on the bond, and can be ascertained and enforced only by suit on the bond in a common law court, where full opportunity for making defense and the constitutional right of trial by jury can be had."

Even in the case of a purchaser the proceeding by rule is against him in his capacity of purchaser, and so as a party to the suit, and not upon the bond, which is a mere legal security for the payment of the purchase money, enforceable only in a legal forum according to the established mode of procedure in that forum. This is clearly shown by the case of *Clarkson* v. *Read, supra.* This reason is wanting in the case of the surety, and we can perceive none other to justify such a summary proceeding against him. The result is that the decree appealed from is right and must be affirmed.

DECREE AFFIRMED.