PRESENT:  All the Justices

KHALIQ JOSHUA BURRELL

                                          OPINION BY
v.    Record No. 111297          JUSTICE WILLIAM C. MIMS
                                          March 2, 2012
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

In this appeal, we consider whether a criminal sentencing order is void ab initio due to a provision stating that the court will reduce the conviction from a felony to a misdemeanor following the defendant's incarceration and successful completion of probation.

BACKGROUND AND PROCEEDINGS BELOW

On May 18, 2009, a grand jury returned a bill of indictment charging that Khaliq Joshua Burrell ("Burrell") feloniously committed rape in violation of Code § 18.2-61.  On September 21, 2009, Burrell and the Commonwealth entered into an Alford plea agreement whereby Burrell agreed to plead guilty to the reduced charge of attempted rape.  Under the agreement, the sentence to be imposed was five years in the penitentiary with four years suspended, and five years of active probation.  The agreement stated: "The Commonwealth further agrees that at the end of the five year probationary period, that if the defendant successfully completes probation, that the charge will be reduced to the misdemeanor of Sexual Battery."  Paragraph 8 of

the agreement stated: "I understand that the Court may accept or reject the agreement, and may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report and other evidence."

The matter then came before the circuit court. Pursuant to the agreement of the parties, the court amended the indictment to attempted rape. Burrell was arraigned and pled guilty to that charge. In a colloquy with Burrell, the court summarized the terms of the plea agreement, including that the court could either accept or reject the agreement and that if the court rejected the agreement, Burrell would be given an opportunity to withdraw his plea of guilty. Following the Commonwealth's proffer of evidence, the circuit court accepted Burrell's Alford plea, finding him guilty of attempted rape.

The court later sentenced Burrell in accordance with the plea agreement and entered a sentencing order. In the order, the court sentenced Burrell to incarceration with the Virginia Department of Corrections for the term of five years with four years suspended, followed by five years of supervised probation. The court further ordered pursuant to Code § 9.1-903 that Burrell register with the Department of State Police Sex Offender Registry upon his release from confinement. The order stated: "Upon successful completion of probation, the charge in this case will be reduced to a misdemeanor, Sexual Battery."

2

On March 29, 2010, Burrell's probation and parole officer filed a Major Violation Report. The circuit court issued a bench warrant ordering that Burrell show cause why the suspended portion of his sentence should not be revoked. Burrell then filed motions to vacate the sentencing order as void ab initio and to dismiss the charge of the probation violation. He argued that the circuit court did not have the power to render a judgment in accordance with the plea agreement imposing a sentence on the felony charge of attempted rape and thereafter reducing the conviction to a misdemeanor more than 21 days following entry of the sentencing order.

The circuit court denied Burrell's motions on three grounds. First, it ruled that it retained jurisdiction of the case under Code § 19.2-303 because Burrell was not sent to the Department of Corrections. Second, the court ruled that the sentencing order was not a final order as contemplated by Rule 1:1 because it did not dispose of the entire subject matter of the case and left matters undone. Third, it ruled that Burrell "is not allowed to invite error by the use of a plea agreement and use that error to overturn the sentencing order of the court." Burrell timely noted his appeal.

DISCUSSION

Burrell assigns error to the circuit court's denial of his motion to vacate and to each of the three rulings. The parties

3

agree that Burrell's appeal presents questions of law which we review de novo.  Commonwealth v. Morris, 281 Va. 70, 76, 705 S.E.2d 503, 505 (2011).

We will first address the circuit court's ruling that the sentencing order was not a final order.  Burrell argues that the sentencing order is a final order under Rule 1:1 because it adjudicates guilt and imposes a sentence without expressly retaining jurisdiction to reconsider the sentencing order.  The Commonwealth argues that the sentencing order is not a final order because the circuit court's actions were not complete, as it retained the jurisdiction to modify the charge.

In general terms, we have explained that "a final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment."  Super Fresh Food Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002).  Furthermore, "[t]he running of the twenty-one day time period prescribed by Rule 1:1 may be interrupted only by the entry, within the twenty-one day time period, of an order modifying, vacating, or suspending the final judgment order."  Id.

In the context of sentencing orders, we have held that when trial courts take motions to set aside the verdict under advisement, such actions fail to affect the finality of sentencing orders because "the trial court did not modify,

4

vacate, or suspend the judgments." In re: Commonwealth of Va. Dep't of Corr., 222 Va. 454, 464, 281 S.E.2d 857, 863 (1981) (internal quotation marks omitted). We also have rejected the argument that sentencing orders were not final appealable orders, explaining that "[u]nder this theory, a trial court conceivably could keep a motion under advisement for a considerable period of time during which the incarcerated defendant would have no appealable order to challenge" and that "[w]e regard this position as unsound." Id. at 466, 281 S.E.2d at 864.

The sentencing order in this case adjudicated guilt, imposed a sentence, remanded Burrell to the custody of the sheriff, and required that Burrell register as a sex offender upon his release from incarceration. As such, we hold that it was a final appealable order, and the circuit court erred in ruling that it was not so.

Burrell next assigns error to the circuit court's ruling that Code § 19.2-303 confers jurisdiction on the circuit court to change the offense of conviction in the sentencing order after the court has lost jurisdiction to modify the sentencing order pursuant to Rule 1:1. He argues that the statute authorizes the circuit court to modify the period of incarceration and not the offense of conviction.

Code § 19.2-303 provides, in relevant part:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.

By its plain terms, the statute does not authorize a circuit court to reduce a conviction from a felony to a misdemeanor after a defendant has served the active portion of a sentence. Rather, it authorizes the court to "suspend or otherwise modify the unserved portion of such a sentence." The circuit court therefore erred in ruling that it retained jurisdiction to amend the conviction pursuant to Code § 19.2-303 to modify the sentencing order by reducing the felony charge to a misdemeanor.

Having established that the sentencing order was a final order and that the circuit court did not retain jurisdiction pursuant to Code § 19.2-303, it is clear that the circuit court did not have the authority to modify Burrell's felony conviction as stated in the sentencing order. Rule 1:1 ("All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.").

6

We now turn to Burrell's assignment of error regarding the circuit court's denial of his motion to vacate.  Burrell argues that under Virginia law, the sentencing order was void ab initio because it purported to give the circuit court the power to modify a conviction more than five years after the court lost jurisdiction pursuant to Rule 1:1.

Under Virginia law, a sentencing order is void ab initio if " 'the character of the judgment was not such as the [C]ourt had the power to render.' " Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)) (alteration in original).  In Rawls, the parties mistakenly believed that amendments to a criminal statute were in effect "and consequently the jury was incorrectly instructed that it could impose a specific term of imprisonment of not more than 40 years for the murder conviction." Id. at 215, 683 S.E.2d at 546.  The statutory maximum actually was 20 years of incarceration. Id.

The jury returned a verdict of 25 years. Id. at 216, 638 S.E.2d at 546.  We rejected the Commonwealth's argument that a reduced 20-year sentence would be valid.  We explained that would require speculation regarding what would have happened if the proper statutory limitations were observed. Id. at 221, 683 S.E.2d at 549.  To ensure that "criminal defendants whose punishments have been fixed in violation of the statutorily

7

prescribed ranges are treated uniformly without any speculation," we adopted the rule that a sentence imposed in violation of a prescribed statutory range of punishment is void ab initio. Id.

In this case, the circuit court did not have the power to render a judgment reducing Burrell's conviction from a felony to a misdemeanor more than five years after its entry of the sentencing order. Applying the rationale from Rawls, we decline to engage in speculation as to what would have happened had the parties and the court known that the court did not have the power to render part of Burrell's sentence. Id. We therefore hold that the ultra vires provision in the sentencing order results in the entire sentencing order being void ab initio.

Finally, Burrell assigns error to the circuit court's ruling that, under the doctrine of invited error, he was barred from seeking to vacate the sentencing order. Burrell observes that the circuit court's ruling on invited error was conditioned on its ruling that it retained jurisdiction under Code § 19.2-303 and based on the non-finality of the order. Burrell argues that the doctrine of invited error is not properly applied in the context of a motion to vacate an order as void ab initio. In Collins v. Shepherd, 274 Va. 390, 649 S.E.2d 672 (2007) we held: "An order that is void ab initio is a complete nullity that may be impeached directly or collaterally by all persons,

8

anywhere, at any time, or in any manner." Id. at 402, 649 S.E.2d at 678 (internal quotation marks omitted). Because the sentencing order in this case is void ab initio, the doctrine of invited error does not bar Burrell's motion to vacate that order.

CONCLUSION

Burrell asks, as he did below, that the Court vacate the sentencing order. This Court will grant the relief requested. See CNH Am. LLC v. Smith, 281 Va. 60, 69, 704 S.E.2d 372, 376 (2011) (remanding "consistent with [appellant's] requests for relief"). The circuit court's judgment denying Burrell's motion to vacate the sentencing order will be reversed, the sentencing order vacated, and the case remanded for sentencing.

Reversed and remanded.