COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


CLIFFORD B. ROYE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0183-12-2                          JUDGE LARRY G. ELDER
                                                          NOVEMBER 6, 2012
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
                               R. Bruce Long, Judge

            Charles E. Haden for appellant.

            John W. Blanton, Assistant Attorney General, (Kenneth T.
            Cuccinelli, II, Attorney General, brief), for appellee.


        Clifford B. Roye (appellant) appeals an order of the trial court revoking his suspended

sentence.  Because the trial court revoked two years of appellant's suspended sentence when he

had only one year eleven months remaining, the revocation order is void *ab initio*, we accept the

Commonwealth's concession that the trial court erred, and we reverse and remand the matter to

the trial court with instructions to recalculate the revoked suspended sentence.

        "In any case in which the court has suspended the execution or imposition of sentence,

the court may revoke the suspension of sentence for any cause the court deems sufficient that

occurred at any time within the probation period, or within the period of suspension fixed by the

court."  Code § 19.2-306(A).

                        If the court, after hearing, finds good cause to believe that the
                        defendant has violated the terms of suspension, then: (i) if the court
                        originally suspended the imposition of sentence, the court shall
                        revoke the suspension, and the court may pronounce whatever

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentence might have been originally imposed or (ii) if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect.

Code § 19.2-306(C). "The 'revocation of a suspended sentence lies in the discretion of the trial court.'" Carroll v. Commonwealth, 280 Va. 641, 654, 701 S.E.2d 414, 431 (2010) (quoting Hamilton v. Commonwealth, 217 Va. 325, 326-27, 228 S.E.2d 555, 556 (1976)).

Here, the trial court revoked two years of appellant's suspended sentence believing appellant had two years eight months remaining on his suspended sentence. Neither the Commonwealth nor appellant's counsel informed the trial court that appellant had only one year eleven months remaining. Although Rule 5A:18 requires a litigant to raise "an objection . . . with reasonable certainty at the time of the ruling," this rule does not apply where a trial court imposes a sentence in excess of its statutory authority. See Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005) (noting that "[d]enying Charles his liberty on the basis of a void sentence would impose a grave injustice upon him"). "[A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the court had the power to render.'" Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). A void sentence may be attacked for the first time on appeal. See Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990). Accordingly, we hold that the trial court committed error when it revoked appellant's suspended sentence in excess of the actual time he had remaining.

For these reasons, we remand the matter to the trial court for imposition of a new revoked sentence consistent with the views expressed in this opinion.

<u>Reversed and remanded.</u>