COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Kelsey and Chafin
Argued at Richmond, Virginia

UNPUBLISHED

EARL BRADLEY, S/K/A
  EARL LEWIS BRADLEY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1194-12-2                  JUDGE TERESA M. CHAFIN
                                                JUNE 4, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

David B. Hargett (Hargett Law, PLC, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Earl Lewis Bradley ("appellant") challenges the sufficiency of the evidence to support his

conviction of possession of cocaine with the intent to distribute. He also asserts that the trial

court exceeded its authority by sentencing him beyond the statutory maximum sentence for

possession with the intent to distribute marijuana.

I. BACKGROUND

When police executed a search warrant at a residence in the City of Petersburg on

September 25, 2010, they recovered a pair of jeans on the floor next to the bed in the room where

appellant was sleeping with a woman, G.P.[1] Inside the front left pocket of the jeans, police

recovered a knotted bag of cocaine. The bag held two individual bags, one contained .39 gram

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Besides appellant and G.P., the only other person in the house when police executed the search warrant was appellant's mother.

of solid material and the other contained 2.39 grams of powder material. The police also found a plastic baggy corner containing marijuana in the coin pocket of the jeans and $2,211.15 in the right pocket. When police interviewed appellant at the house, he admitted that the jeans and the contraband inside the jeans belonged to him.

Police found a loaded silver Taurus PT 099.9 millimeter firearm in the dresser in the room where appellant and G.P. slept. DNA testing could not eliminate appellant as a contributor to a mixture of DNA found on that firearm. In the same bedroom, the police also found an eight-page court document and a Walgreens prescription card, both of which displayed appellant's name, as well as an opened letter addressed to "Earl Bradley" from a lawyer on top of the night stand. Police also located an empty sandwich bag box in a dresser drawer and observed two digital scales on the dining room table in plain view.

Sergeant Shane Noblin, an expert in drug distribution, drug sales, and illegal narcotics, testified that the cocaine found inside the jeans was inconsistent with personal use. He testified that the amount of powder cocaine recovered was equivalent to almost 30 doses of cocaine and had a value of $125 or $130. Noblin also stated that the total street value of all the cocaine in the jeans was $165 and that the average user buys between $20 and $50 worth of cocaine at a time.

Appellant testified that although he was in his mother's house the night the search warrant was executed and that he "maintained" his mail there, he did not live at his mother's house. Appellant denied that the pants recovered were his. In addition, appellant denied telling the police that he was the owner of the pants and the drugs found within them. Appellant denied that G.P. was his girlfriend, but admitted "hooking up" with her before. However, appellant admitted that the documents recovered from the bedroom were his.

II. ANALYSIS

*A. Sentence Exceeding Statutory Maximum*

Appellant contends that the trial court erred by imposing a sentence that exceeded the statutory maximum for the marijuana conviction. Appellant failed to object to the trial court's order sentencing him to five years incarceration, all suspended, for the marijuana conviction, but asks this Court to consider this argument under the "ends of justice" exception to Rule 5A:18. However, appellant's failure to preserve this issue is of no consequence. "[A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [C]ourt had the power to render.'" Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009) (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). "'A sentence in excess of that prescribed by law is not void *ab initio* because of the excess, but is good in so far as the power of the court extends, and is invalid only as to the excess.'" Id. at 218, 683 S.E.2d at 547 (quoting Royster v. Smith, 195 Va. 228, 236, 77 S.E.2d 855, 859 (1953)). An order that is void *ab initio* may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001) (citation and internal quotation marks omitted). A void sentence may be attacked for the first time on appeal. See Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990) ("[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal.").

The record reflects that the trial court granted appellant's motion to strike the felony marijuana charge, citing the insufficiency of the evidence to prove that the marijuana weighed more than one-half ounce as required by Code § 18.2-248.1(a)(2). Thus, the trial court reduced the charge to "simple possession, less than a half ounce," a Class 1 misdemeanor with a

maximum sentence of 12 months in jail pursuant to Code § 18.2-248.1(a)(1). However, the trial court proceeded to sentence appellant to five years in prison, all suspended, for the marijuana conviction.

The Commonwealth concedes that the trial court erred in imposing a five-year sentence for a misdemeanor possession of marijuana conviction. While we are not obliged to accept the Commonwealth's concession of legal error, Copeland v. Commonwealth, 52 Va. App. 529, 664 S.E.2d 528 (2008), we agree with the Commonwealth. As we said in Copeland:

> We have no obligation to accept concessions of error, see United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (recognizing "the government's concession of error is not binding on this court"), and, to be sure, we would never do so if the issue were a pure question of law, Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*). "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal. Because the law applies to all alike, it cannot be subordinated to the private opinions of litigants." Id.

Id. at 531-32, 664 S.E.2d at 529 (footnote omitted).

In Rawls, the Supreme Court held that the appellate courts "ha[d] not acted uniformly when determining whether a defendant, who received an improper sentence, was entitled to a new sentencing hearing." 278 Va. at 220, 683 S.E.2d at 548. The Supreme Court adopted a rule

> that is designed to ensure that all criminal defendants whose punishments have been fixed in violation of the statutorily prescribed ranges are treated uniformly without any speculation. We hold that a sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because "the character of the judgment was not such as the [C]ourt had the power to render." Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887); accord Evans v. Smyth-Wythe Airport Common, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998). Thus, a criminal defendant in that situation is entitled to a new sentencing hearing.

Id. at 221, 683 S.E.2d at 549.

Because this Court can only speculate as to the sentence the trial court might impose on remand for appellant's possession of marijuana conviction, a Class 1 misdemeanor, we reverse and remand for sentencing not to exceed 12 months imprisonment as prescribed by Code § 18.2-248.1(a)(1).

## B. *Intent to Distribute Cocaine*

Appellant next contends that the evidence introduced at trial was insufficient to establish that he intended to distribute cocaine. More specifically, appellant argues that the powder cocaine was not packaged for distribution, that the expert testimony that an average person buys between $20 and $60 of cocaine for personal use where appellant possessed $130 worth of powder cocaine failed to establish his intent to distribute, and that no evidence linked appellant to the scales found in the dining room.

Rule 5A:18 provides, in relevant part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)). "Under settled principles, the 'same argument must have been raised, with specificity, at trial before it can be considered on appeal.'" Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004)). "'Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" Id. (quoting Edwards v. Commonwealth, 41 Va. App. 752,

760, 589 S.E.2d 444, 448 (2003) (*en banc*), <u>aff'd</u> <u>by</u> <u>unpublished</u> <u>order</u>, No. 040019 (Va. Oct. 15, 2004)).

While appellant argued below that the evidence was insufficient as to possession of cocaine, he did not specifically argue that the evidence failed to prove intent to distribute. Therefore, appellant waived this argument, and Rule 5A:18 bars this Court's consideration of the issue on appeal. Furthermore, appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and we will not consider Rule 5A:18 exceptions *sua sponte*. <u>Edwards</u>, 41 Va. App. at 761, 589 S.E.2d at 448.

<u>Affirmed in part; reversed and remanded in part.</u>