UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges McCullough and Decker
Argued at Chesapeake, Virginia


MALCOLM ANDREW McCLEASE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2209-13-1               JUDGE MARLA GRAFF DECKER
                                                    OCTOBER 28, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie A. Taylor Arrington, Judge

John A. Coggeshall for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Malcolm Andrew McClease was convicted, on his plea of guilty, of robbery in violation

of Code § 18.2-58.  He was originally sentenced as a juvenile to a suspended commitment with

the Department of Juvenile Justice (DJJ).  The Commonwealth then filed a motion asking the

court to vacate the original sentence and enter a second order that included a suspended sentence

with the Department of Corrections (DOC).  It is from this second order that this appeal

originates.  McClease contends that the Commonwealth violated the terms of the plea agreement

it entered into with him and that the trial court misinterpreted Code § 16.1-272 when it vacated

the original sentencing order and entered the second order.  We hold that the trial court lacked

jurisdiction to enter the second order because even if the first order contained legal error, that

original order was not void *ab initio* and the court did not vacate it until more than twenty-one

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

days following its entry. Thus, Rule 1:1 applies, and the original sentencing order remains in effect. Further, we dismiss the appeal because it was noted from the invalid second order.

## I. BACKGROUND

The appellant participated in a robbery involving multiple victims when he was sixteen years old. On the basis of that robbery, he was charged as a juvenile and certified for trial as an adult. Following his indictment, the appellant agreed to plead guilty to one count of robbery in exchange for the dismissal of a second count. The agreement also specifically provided that "[t]he sentence shall remain within the discretion of the sentencing Judge, in accordance with Virginia Code Section 16.1-272."

The parties presented the plea agreement to the trial court. The court accepted the appellant's plea, granted the Commonwealth's motion to dismiss the other robbery charge, and set the matter for sentencing. At the sentencing hearing on August 26, 2013, the trial court ordered the appellant committed to the DJJ but suspended the commitment upon various conditions including twelve months of supervised probation. The court entered the sentencing order on the same day as the hearing.

Subsequently, the prosecutor concluded that the sentence imposed did not comply with Code § 16.1-272, and she moved to vacate it. On September 16, 2013, twenty-one days after the entry of the sentencing order, the court held a hearing on the motion to vacate. The prosecutor argued that in the case of a violent juvenile felony, including robbery, Code § 16.1-272(A)(1) required "at least . . . some adult time" but that the time could be suspended. The appellant disagreed with the prosecutor's interpretation of the statute. The trial court characterized the prosecutor's argument asking the court to include a portion of adult time in the sentence as a request "beyond vacating." The court commented that it amounted, instead, to a request to increase the appellant's sentence. After a recess, the trial court ruled from the bench that the

- 2 -

sentencing order was "not in compliance" with the statute and the court, therefore, had "no option except to vacate it." On the same date as the hearing, September 16, 2013, the court entered a form order that continued the case until October 17, 2013, "for re-sentencing and argument." That order made no mention of vacating the sentence.

At the hearing on October 17, 2013, the court considered the parties' arguments regarding whether it had authority to re-sentence the appellant. The Commonwealth argued that the sentence was "voidable . . . since we came back within 21 days." The judge opined that "even if it was beyond the 21 days, it's something that [this court] would have the authority to entertain because it would have been a void order." The court then announced a "pure adult sentence" of five years, with all five years suspended on the condition of indeterminate supervised probation.

On October 18, 2013—the day after the new sentencing hearing and fifty-three days following entry of the original sentencing order—the trial court entered two additional orders. The first listed a hearing date of September 16, 2013. It purported to vacate the prior finding of guilt and continued the matter to October 17, 2013. The second order reflected the events of the hearing held on October 17, 2013. It included the new sentence of five years in the DOC with five years suspended for an indeterminate period. It is from the sentencing order of October 18, 2013, that the appellant noted this appeal.

## II. ANALYSIS

The appellant argues that the language of the plea agreement, which expressly reserved to the trial court the discretion to sentence him in accordance with Code § 16.1-272, acknowledged that court's authority to render a wholly juvenile sentence like the one originally imposed. He further argues that he detrimentally relied on the plea agreement and that the Commonwealth's request to vacate the juvenile sentence and impose at least some adult time resulted from

improper motives. Finally, the appellant contends that the vacating of the original order violated his due process rights. We hold that the trial court's "[v]acate" order,[1] entered more than twenty-one days after the original sentencing order, came too late under Rule 1:1. Further, the trial court lacked jurisdiction to enter the second order because the original order was not void. Therefore, the first order remains in effect, and the second order is void.

On appeal, we review a trial court's assessment of punishment under an abuse-of-discretion standard. E.g., Williams v. Commonwealth, 270 Va. 580, 584, 621 S.E.2d 98, 100 (2005). However, this standard "'includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). To the extent that the application of this standard requires the interpretation of a statute, rule or the common law, it involves a legal issue that we review *de novo* on appeal. Commonwealth v. Greer, 63 Va. App. 561, 568, 760 S.E.2d 132, 135 (2014).

*A. Jurisdiction of the Trial Court under Rule 1:1*

Rule 1:1 provides that "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." To stop the running of this time period, it is not enough for the court to enter an order "acknowledging the filing of a post-trial or post-judgment motion." Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 562, 561 S.E.2d 734, 738 (2002). Instead, the rule requires that the trial court enter an order that "*expressly modifies, vacates, or suspends the judgment*." Id. (emphasis added). Absent such an order, "the

---

[1] The order actually states that the court vacated its "finding of guilt" rather than the original sentence. Because we hold, *infra*, that the court lacked authority at that time to modify the August 26, 2013 sentencing order, we need not consider what impact this imprecise language would have had if the order had been entered in a timely fashion.

- 4 -

twenty-one day time period is not interrupted, and the case [is] no longer under the control of the trial court when the original twenty-one day time period has run." Id.; see also Weese v. Commonwealth, 30 Va. App. 484, 492-93, 517 S.E.2d 740, 744-45 (1999) (holding that neither a trial court's order purporting to extend its jurisdiction nor an agreement between the Commonwealth and the defendant, standing alone, extends the twenty-one-day period of Rule 1:1).

In this case, the trial court entered the original sentencing order on August 26, 2013. On September 16, 2013, the twenty-first day after entry of that order, the court held a hearing on the Commonwealth's motion to vacate. At the conclusion of the hearing, the judge announced that the court had no option except to vacate the original sentencing order. However, despite that ruling, the court did not enter an order vacating the sentencing order on that date. Instead, it entered an order that merely continued the case "for re-sentencing and argument." The law in the Commonwealth makes clear that courts speak only through their written orders. E.g., Holland v. Commonwealth, 62 Va. App. 445, 452 n.3, 749 S.E.2d 206, 209 n.3 (2013). The court's September 16, 2013 order simply did not expressly modify, vacate, or suspend the judgment. See Super Fresh Food Mkts., 263 Va. at 562, 561 S.E.2d at 738. Consequently, it was not sufficient to prevent the running of the twenty-one-day time period of Rule 1:1.

The record plainly establishes that the trial court did not enter an order purporting to vacate its original sentencing order until more than a month later, on October 18, 2013. That order, entered well after the twenty-one-day time period had passed, came too late to satisfy the requirements of Rule 1:1. Thus, the trial court was without jurisdiction to vacate the original sentencing order and impose a different sentence unless an exception to Rule 1:1 applied to the facts of this case.

*B. Potential Exceptions to Rule 1:1 in this Case*

A statutory exception to Rule 1:1 is found in Code § 19.2-303. That exception provides that "[i]f a person has been sentenced for a felony to the [DOC] but has not actually been transferred to a receiving unit of the [DOC]," the court that heard the case, upon certain conditions, "may, at any time before the person is transferred to the [DOC], suspend or otherwise modify the unserved portion of such a sentence." Code § 19.2-303. Here, because the appellant was not originally sentenced to the DOC, Code § 19.2-303 does not apply. See, e.g., Thomas v. Commonwealth, 59 Va. App. 496, 500, 720 S.E.2d 157, 159-60 (2012) (providing that statutes should be given their plain meaning); see also Patterson v. Commonwealth, 39 Va. App. 610, 617-20, 575 S.E.2d 583, 586-88 (2003) (holding that Code § 19.2-303 does not apply when a defendant receives a fully suspended DOC sentence because it would be illogical to give a court the authority "to 'suspend' a portion of a sentence that has already been suspended").

A common-law exception to the twenty-one-day time limit of Rule 1:1 is that the rule does not apply to a judgment that is void *ab initio*. See, e.g., Singh v. Mooney, 261 Va. 48, 51-52 & n.2, 541 S.E.2d 549, 551 & n.2 (2001); Dep't of Corrs. v. Crowley, 227 Va. 254, 260, 316 S.E.2d 439, 442 (1984). A judgment is void *ab initio* if, among other things, it was:

> "entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could not lawfully adopt."

Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 222 (2013) (internal quotation marks omitted) (quoting Singh, 261 Va. at 51-52, 541 S.E.2d at 551). By contrast, a judgment that contains mere legal error is voidable only, and it may be challenged only in a timely direct appeal. See Singh, 261 Va. at 51-52, 541 S.E.2d at 551.

The Supreme Court of Virginia elaborated on the application of principles related to voidness in the sentencing context in Rawls v. Commonwealth, 278 Va. 213, 683 S.E.2d 544

(2009). Rawls involved a sentence that exceeded the range of punishment authorized by the legislature. Id. at 215-16, 683 S.E.2d at 546. The Court pointed out that prior to Rawls, the accepted principle had been "that '[a] sentence in excess of that prescribed by law [was] not void *ab initio* because of the excess, but [was] good in so far as the power of the court extend[ed], and [was] invalid only as to the excess.'" Id. at 218, 683 S.E.2d at 547 (quoting Royster v. Smith, 195 Va. 228, 236, 77 S.E.2d 855, 859 (1953)). The Court then announced a different rule in Rawls, holding that "a sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [trial] [c]ourt had the power to render.'" Id. at 221, 683 S.E.2d at 549 (quoting Anthony v. Kasey, 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). The Court held that this error in Rawls rendered the entire sentence void *ab initio*, rather than merely voidable or void only as to the five-year excess. Id. at 221-22, 683 S.E.2d at 549. Finally, the Court in Rawls announced a common law rule entitling a defendant in such a situation to a new sentencing hearing in order to "eliminate the need for courts to resort to speculation" when determining how the defendant would have been sentenced under a proper understanding of the applicable law. Id.

In Greer, 63 Va. App. 561, 760 S.E.2d 132, this Court interpreted the principles in Rawls as applying to a sentence lower than the prescribed statutory range. Id. at 564, 760 S.E.2d at 133. Although both Rawls and Greer involved sentencing by a jury, this Court noted in Greer that the Supreme Court's language in Rawls applied broadly to "'*all* criminal defendants whose punishments have been fixed in violation of the statutorily prescribed ranges.'" Greer, 63 Va. App. at 576, 760 S.E.2d at 139 (quoting Rawls, 278 Va. at 221, 683 S.E.2d at 549).

In the instant case, the issue is not the sentencing range as in Rawls and Greer. Nor does this case involve a condition or other provision that was, manifestly, outside the court's authority to issue. See Burrell v. Commonwealth, 283 Va. 474, 480, 722 S.E.2d 272, 275 (2012) (vacating

- 7 -

a sentencing order as void *ab initio* because it embodied an agreement that the trial court would reduce a conviction for a felony to a misdemeanor if the defendant, following conviction and sentencing, successfully served an active period of incarceration and probation); see also Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73-74, 495 S.E.2d 825, 828 (1998) (where the trial court entered an order restricting the exercise of the power of eminent domain of an airport authority, holding the judgment was void *ab initio* because that power is an inalienable attribute of sovereignty and, as a result, "the character of the judgment was not such as the court had the power to render"); Amin v. Cnty. of Henrico, 63 Va. App. 203, 209-10, 755 S.E.2d 482, 485 (2014) (holding that the defendant's conviction for carrying a concealed weapon in violation of "[a county ordinance] incorporating Code § 18.2-308" was void *ab initio* because the offense of conviction "did not exist" and, therefore, the trial court had "'exerted its power in a way not warranted by the law'" (quoting Anthony, 83 Va. at 341, 5 S.E. at 178)). Instead, it involves a sentencing component of a character that the court had the express authority to render pursuant to Code § 16.1-272(A)(1)—a commitment to the DJJ. See Kelley, 285 Va. at 75-79, 737 S.E.2d at 221-24 (holding that although the district court may have erred in the manner in which it amended a warrant to charge reckless driving rather than driving while intoxicated, it had jurisdiction under Code § 16.1-129.2 to amend warrants and, thus, any error in the method of applying that statute did not render the judgment void *ab initio*).

Although the Court's language regarding jurisdiction in Rawls is broad, it applies only to errors involving deviation from the statutory sentencing *range*. We cannot extend the Court's holding or contravene well-established finality principles. "'Rule 1:1 and long standing case law applying that rule preclude a trial court from entering a second sentencing order altering an original sentencing order that has become final.'" Commonwealth v. Morris, 281 Va. 70, 77, 705 S.E.2d 503, 506 (2011) (quoting Charles v. Commonwealth, 270 Va. 14, 19, 613 S.E.2d 432,

434 (2005)). Respecting the finality of judgments, particularly in the criminal sentencing context, is a key attribute of our jurisprudence. See id. "'Rule 1:1 implements that policy, and we apply it rigorously, unless a statute [or common law principle] creates a clear exception to its operation.'" Id. (quoting McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987)).

The language in Rawls does not create a clear exception applicable to the facts of this case. Therefore, we conclude that any error in the original sentencing order constituted the mere "misapplication of [a] statute" and "'raise[d] a question of court error, not a question of the court's jurisdiction.'"[2] Kelley, 285 Va. at 79, 737 S.E.2d at 224 (quoting Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008)). The trial court had the statutory authority to impose a juvenile sentence on the appellant; its error, if any, was the mere failure to also impose some "adult" time.[3] As a result, any error in failing to impose adult time constitutes the non-jurisdictional misapplication of a statute, and the court lacked authority under Rule 1:1 to enter the untimely second sentencing order.

---

[2] In light of this holding, we need not consider whether the court's pronouncement of a suspended commitment to the DJJ, unaccompanied by any adult sentence, was actual legal error. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (holding that an appellate court should "decide[] cases 'on the best and narrowest ground available'" (quoting Air Courier Conf. v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

[3] The Commonwealth conceded at oral argument that if Rawls does not apply to render the trial court's error in the first sentencing order jurisdictional, the court lacked authority to enter the second sentencing order. This concession is consistent with our holding in this opinion. See, e.g., Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*) (noting that an appellate court must independently confirm the correctness of concessions of law).

## III.  CONCLUSION

We hold that the original sentencing order remains in effect and the second sentencing order is void *ab initio* based on the application of Rule 1:1.  Accordingly, we dismiss the appeal because it was noted from the invalid second order.

<u>Appeal dismissed.</u>