COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Chaney and Raphael
Argued at Winchester, Virginia


JAMES FREDERICK BROWNE

                                               MEMORANDUM OPINION* BY
v.          Record No. 1373-21-4             JUDGE VERNIDA R. CHANEY
                                                    APRIL 11, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
Clark A. Ritchie, Judge

Caleb J. Routhier (Miller, Earle & Shanks, PLLC, on briefs), for
appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


James Frederick Browne (Browne) appeals the sentence imposed by the Circuit Court of

Page County (circuit court) for violating the terms and conditions of his supervised probation on the

underlying offense of assault on a law enforcement officer.[1] The circuit court revoked and imposed

Browne's previously suspended sentence of one year, five months, and eleven days, and

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] The order appealed by Browne is a revocation and sentencing order in four cases, but
Browne's assignment of error applies only to the sentence in Case No. CR19F00167-02—the
only case in which the circuit court did not re-suspend the revoked sentence in its entirety.
Browne does not challenge the following sentences in the appealed revocation order: In Case No.
CR19F00166-02, the circuit court revoked three years of Browne's previously suspended prison
sentence for strangulation in violation of Code § 18.2-51.6, and re-suspended all three years of
that sentence. In Case No. CR19M00168-02, the circuit court revoked 12 months of Browne's
previously suspended sentence for misdemeanor assault and battery of a family member in
violation of Code § 18.2-57.2, and re-suspended all 12 months of that sentence. In Case
No. CR19M00169-02, the circuit court revoked 12 months of Browne's previously suspended
sentence for misdemeanor obstruction in violation of Code § 18.2-460, and re-suspended all 12
months of that sentence.

re-suspended three months of that sentence. Browne contends that the circuit court erred in sentencing him to more than 14 days in jail for a second technical violation of probation under Code § 19.2-306.1. This Court holds that the circuit court erred in imposing a sentence of active incarceration that exceeds the statutory maximum sentence under Code § 19.2-306.1(C). As a matter of first impression, this Court further holds that a revocation sentence imposed in excess of the statutory maximum sentence under Code § 19.2-306.1(C) exceeds the court's sentencing power and is void ab initio. Accordingly, this Court vacates the revocation sentencing order and remands to the circuit court for resentencing.

BACKGROUND

*I. Original Sentence and Prior Revocation*

In May 2019, Browne was sentenced to incarceration for three years, with one year and six months suspended, for assault on a law enforcement officer in violation of Code § 18.2-57. Additionally, the May 2019 sentencing order placed Browne on supervised probation upon his release from incarceration and listed the following among the "special conditions" of his suspended sentence:

> DEFENDANT IS TO REMAIN FREE OF ILLEGAL DRUGS AND ALCOHOL. . . . DEFENDANT IS ORDERED TO COMPLY WITH ANY EVALUATIONS, TREATMENTS OR COUNSELING AS RECOMMENDED BY THE PROBATION OFFICER TO THE SATISFACTION OF THE PROBATION OFFICER.

(capitalization in original).

In a revocation proceeding in April 2021, the circuit court found Browne in violation of the conditions of the suspended sentence and supervised probation in the May 2019 sentencing order. "The basis of this violation was failure to follow instructions, positive drug tests, failure to complete substance abuse counseling, and new convictions." The circuit court revoked the

suspended sentence of one year and six months and re-suspended all but the time served. The

April 2021 revocation order further provides:

> [The] suspended sentence is subject to the same terms and
> conditions as previously ordered by the Court by order entered
> 05/08/2019. [The] suspended sentence is further conditioned upon
> defendant's successful completion of supervised probation upon
> his previous terms and conditions previously ordered.

Additionally, the April 2021 revocation order states:

> The defendant shall complete Batter[er]s Intervention Program.
> The defendant shall complete mental health evaluation and
> treatment as requested by his probation officer. Additional special
> conditions of his supervised probation shall include the payment of
> costs of this proceeding.

## II. *November 2021 Revocation Hearing*

On October 20, 2021, the circuit court issued a capias to arrest Browne for alleged

violations of the conditions of his suspended sentence and supervised probation. The capias

stated an offense date of October 15, 2021, for the alleged violations. Probation Officer

Christopher Sheets (P.O. Sheets) stated the alleged violations in a major violation report and

addendum.

At the probation violation hearing on November 22, 2021, the major violation report was

admitted into evidence as Commonwealth's Exhibit 1. The major violation report stated that

Browne committed the following probation violations: (i) failure to maintain regular

employment; (ii) failure to report to the probation officer three times in August 2021, twice in

September 2021, and twice in October 2021; (iii) testing positive for controlled substances as

follows: positive for marijuana four times (June 2021, August 2021, and twice in October 2021);

positive for amphetamines twice (August 2021 and October 2021); positive for ecstasy in

October 2021; positive for methamphetamine in October 2021; and (iv) failure to comply with

the order to pay his court costs, making no payments since his last court date.

P.O. Sheets testified that Browne was not amenable to probation. Browne tested positive for illegal drugs on multiple occasions, including marijuana, amphetamines, ecstasy, and methamphetamine. Although P.O. Sheets instructed Browne to enroll in substance abuse counseling, Browne admitted to P.O. Sheets that he did not do so. P.O. Sheets expressed concern about Browne using drugs around his girlfriend's children, especially given his violent history. Browne regularly failed to report for drug tests and other appointments, and he missed at least six appointments in just over two months. Although Browne obtained employment at Burger King, he failed to report for work.

P.O. Sheets also testified that Browne had not complied with the payment plan for his court-ordered payment of court costs. According to the payment plan, Browne was supposed to pay $50 by the 15th of every month. But Browne "didn't make any payments whatsoever."

P.O. Sheets further testified that Browne had complied with the "gang conditions" of his probation.[2] He also testified that "the best thing" Browne did on probation was the Batterers Intervention Program, and his teacher verified that Browne attended and engaged in the class.

Browne's girlfriend, S.A.,[3] testified as a defense witness. S.A. was the victim of an assault and battery by Browne in 2020. At the time of the revocation hearing, S.A. and her children were residing with Browne in his mother's house. S.A. testified that Browne is "dramatically different" now, and he applies the lessons he learned in the Batterers Intervention Program. According to S.A., Browne is helping to raise her children and is "a very good father figure" to them. Browne's evidence included photos and videos of Browne interacting with S.A.'s children.

---

[2] P.O. Sheets labeled Browne a gang member based on his tattoos and prison contacts, not based on any gang activity. None of the crimes in Browne's history are gang-related.

[3] This opinion uses initials to protect S.A.'s privacy.

Browne's evidence also included a receipt dated October 27, 2021, for partial payment of one dollar. Although Browne's trial counsel told the circuit court that "[t]his is a receipt for payment of court costs," the receipt states that it is a partial payment of restitution for destruction of personal property.

The circuit court stated that it found Browne in violation of the terms and conditions of his supervised probation based on the testimony of P.O. Sheets and "the letter" he filed, i.e., the major violation report.[4] The circuit court also recounted the facts related to the underlying convictions and noted that the incident was "extraordinarily violent."

*III. Motion to Reconsider*

Browne filed a motion to reconsider the sentence of incarceration exceeding 14 days. Browne contended that the probation officer calculated his probation revocation sentencing guidelines based on the assumption that he made no payment whatsoever for his court costs, thereby violating a special condition of his suspended sentence. Browne claimed that the probation officer would not have included a special condition violation in his sentencing guidelines if the probation officer had known that he had made a one-dollar payment for his court costs prior to the revocation hearing.

Browne also contended that he would have paid his court costs before the November 2021 revocation hearing, but his attorney could not submit his payment because the payment plan "was improperly filled out and docketed under the wrong name." Browne attached to his motion to reconsider a document entitled "Court Ordered Payment Schedule," which was signed by Browne and P.O. Sheets on April 15, 2021. However, the name typed at the top of the form

---

[4] The circuit court sustained Browne's objection and excluded P.O. Sheets's addendum to the major violation report. The addendum states: "After speaking with Ms. Bienen, from Page County Counseling on 10/18/21, it was learned that Mr. Browne has not contact[ed] her as instructed."

- 5 -

was "James Frederic Johnson." Browne argued that, but for this mistake, his court costs would have been paid before the November 2021 revocation hearing, thereby resolving the alleged violation of a special condition of his suspended sentence.

At the December 1, 2021 reconsideration hearing, Browne contended that he discovered the clerical mistake on his payment plan immediately after his revocation hearing. Browne proffered that he had a check for $350 to pay the court costs owed to date. Browne argued that the circuit court should accept his payment of court costs to "cure" the special condition violation and should modify his sentence to incarceration for no more than 14 days for a second technical violation. The circuit court denied Browne's motion to reconsider. This appeal followed.

## ANALYSIS

### Standard of Review

On appellate review of a trial court's revocation of a defendant's probation and suspended sentence, "the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). As our Supreme Court has recognized:

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). Additionally, a trial court "by definition abuses its discretion when it makes an error of law." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008). On appeal, "[t]he evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535. "To the extent that

- 6 -

appellant's assignment of error raises a question of statutory interpretation, that question is reviewed *de novo* on appeal." *Id.*

The penalty provisions of Code § 19.2-306.1 apply to Browne's revocation sentencing. The Commonwealth contends that the sentencing limits under Code § 19.2-306.1, which became effective on July 1, 2021, do not apply in Browne's case because some of the probation violations were committed before July 1, 2021.[5] However, during the November 2021 revocation hearing, the Commonwealth agreed to proceed under Code § 19.2-306.1 when it agreed to use the sentencing guidelines prepared pursuant to Code § 19.2-306.1. Because both parties consented to the application of the new statute, the penalty provisions of Code § 19.2-306.1 apply to Browne's sentencing.[6] *See Heart v. Commonwealth*, 75 Va. App. 453, 460-65 (2022); Code § 1-239.

*I. Browne's Failure to Enroll in Drug Counseling is a Technical Violation of Probation*

Browne acknowledges on appeal that he violated his supervised probation by failing to enroll in drug counseling as instructed by his probation officer. Browne contends that this is a technical violation because a probationer's "failure to . . . follow the instructions of the probation officer" is defined as a "technical violation" in Code § 19.2-306.1(A)(v).

The Commonwealth argues that Browne's failure to enroll in drug counseling violated a special condition of his supervised probation under the April 2021 revocation order, which incorporated the special conditions of the suspended sentence and supervised probation imposed in the May 2019 sentencing order. The May 2019 sentencing order identifies the following as a "special condition" of Browne's suspended sentence: "Defendant is ordered to comply with any

---

[5] The capias that charged Browne with probation violations states an offense date of October 15, 2021—after Code § 19.2-306.1 took effect on July 1, 2021.

[6] In holding that the penalty provisions of Code § 19.2-306.1 apply here because the parties agreed to proceed under Code § 19.2-306.1, we express no opinion on whether Code § 19.2-306.1 would apply in the circumstances of this case had there been no such agreement.

evaluations, treatments or counseling as recommended by the probation officer to the satisfaction of the probation officer."[7] The Commonwealth argues that because the circuit court explicitly identified this as a "special condition," Browne's violation of the condition is not a technical violation under Code § 19.2-306.1.

This Court recently rejected the Commonwealth's claim that any violation of a "special condition" of probation is a non-technical violation for purposes of sentencing under Code § 19.2-306.1.[8] *See Delaune v. Commonwealth*, 76 Va. App. 372, 382-83 (2023). In *Delaune*, the defendant's suspended sentence and supervised probation were conditioned, in part, on compliance with the specific condition that "[t]he defendant shall be drug free." *Id.* at 376 (alteration in original). Upon finding that the defendant used controlled substances while on probation, the trial court in *Delaune* concluded that the sentencing limits under Code § 19.2-306.1 did not apply because the defendant violated a "special condition" of her probation. *Id.* at 377. Reversing the trial court, this Court held that the defendant's failure to remain "drug free" was a technical violation of probation because Code § 19.2-306.1(A)(vii) defines "technical violation" to include a probationer's "failure to . . . refrain from the use, possession, or distribution of controlled substances." *Id.* at 381.

---

[7] Whether this condition includes an unlawful delegation of the circuit court's judicial authority to an executive officer is not at issue in this appeal. *See* Code § 19.2-303 ("[T]he court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation *under such conditions as the court shall determine . . . .*" (emphasis added)); *see also Fazili v. Commonwealth*, 71 Va. App. 239, 254 (2019) ("[C]ircuit courts may not delegate to probation officers responsibilities that are the sole province of the circuit courts.").

[8] The official sentencing revocation report (SRR) form used by P.O. Sheets to calculate Browne's sentencing guidelines appears to be a source of confusion because the SRR form appears to erroneously treat all violations of "special conditions" of probation as non-technical violations.

- 8 -

Whether or not a condition of probation is labeled a "special condition" by the trial court, a violation of the condition constitutes a technical violation under Code § 19.2-306.1 if the violation is based on the probationer's failure to comply with any of the requirements set forth in Code § 19.2-306.1(A)(i)-(x).

> For the purposes of this section, "technical violation" means a violation *based on the probationer's failure to* (i) report any arrest, including traffic tickets, within three days to the probation officer; (ii) maintain regular employment or notify the probation officer of any changes in employment; (iii) report within three days of release from incarceration; (iv) permit the probation officer to visit his home and place of employment; (v) *follow the instructions of the probation officer*, be truthful and cooperative, and report as instructed; (vi) refrain from the use of alcoholic beverages to the extent that it disrupts or interferes with his employment or orderly conduct; (vii) refrain from the use, possession, or distribution of controlled substances or related paraphernalia; (viii) refrain from the use, ownership, possession, or transportation of a firearm; (ix) gain permission to change his residence or remain in the Commonwealth or other designated area without permission of the probation officer; or (x) maintain contact with the probation officer whereby his whereabouts are no longer known to the probation officer.

Code § 19.2-306.1(A) (emphasis added). This Court holds that Browne's failure to enroll in drug counseling as P.O. Sheets instructed is a technical violation of probation under Code § 19.2-306.1 because (1) clause (v) of subsection A defines "technical violation" to include a probationer's failure to "follow the instructions of the probation officer" and (2) the *violation is based on Browne's failure to follow P.O. Sheets's instruction* to enroll in drug counseling. The May 2019 sentencing order did not unconditionally require Browne to enroll in drug counseling as a condition of his probation and suspended sentence. Rather, the circuit court's order "to comply with any . . . counseling as recommended by the probation officer" required Browne to enroll in drug counseling *only if instructed to do so by his probation officer*. But for P.O. Sheets's instruction to enroll in drug counseling, Browne would have had no legal obligation to enroll in drug counseling.

Under these circumstances, Browne's failure to enroll in drug counseling constitutes a technical violation of his probation.

*II. Browne's Failure to Pay Court Costs is a Technical Violation of Probation*

The April 2021 revocation order required Browne to pay the costs of the revocation proceeding as a special condition of his supervised probation.[9] The circuit court ordered that "[s]uch supervised probation is for a period of three years to commence upon his release from any and all incarceration." Because the April 2021 revocation order did not prescribe a payment due date other than the expiration date of Browne's probation, Browne was only required to pay the costs of the revocation proceeding within the three-year period of his supervised probation.[10] *See* Code § 19.2-305 (providing that court costs may be "imposed at the time of being placed on probation as a condition of such probation" and "the failure of the defendant to pay such fine or costs . . . at the prescribed time or times may be deemed a breach of such probation"). A failure to pay the court costs within the three-year period of probation would be a non-technical violation of probation because such violation would be based on the failure to comply with a court-ordered

---

[9] The May 2019 sentencing order did not condition Browne's probation and suspended sentence on the payment of court costs. The May 2019 sentencing order states that "The Court SUSPENDS 1 year, 6 months, ___ days of incarceration upon the condition(s) specified in the Suspended Sentence Conditions." The specific conditions identified in the section of the sentencing order labeled "Suspended Sentence Conditions" does not include the payment of court costs.

[10] After the expiration of a defendant's probation, Code § 19.2-306(B) authorizes the court to issue process charging the defendant with violating a condition of his suspended sentence. Code § 19.2-306(B) provides:

> The court may not conduct a hearing to revoke the suspension of sentence unless the court issues process to notify the accused or to compel his appearance before the court within 90 days of receiving notice of the alleged violation or within one year after the expiration of the period of probation or the period of suspension, whichever is sooner, or, in the case of a failure to pay restitution, within three years after such expiration.

- 10 -

condition of probation that is not defined as a technical violation under Code § 19.2-306.1(A)(i)-(x). However, at the time of the November 2021 revocation hearing, the expiration date of Browne's probationary period was approximately two years and five months away, in April 2024. Thus, Browne did not violate the court-ordered condition to pay the costs of the revocation proceeding before his probationary period expires.

The day after the April 2021 revocation hearing, P.O. Sheets instructed Browne to sign a payment schedule for his court costs.[11] According to the payment schedule, Browne was supposed to pay $50 per month by the 15th day of each month. P.O. Sheets testified that Browne "didn't make any payments whatsoever" for court costs. Browne's failure to pay court costs in accordance with the schedule set by P.O. Sheets is a technical violation because the violation is *based on* the "failure to . . . follow the instructions of the probation officer," which is defined as a "technical violation" in Code § 19.2-306.1(A)(v).

Browne erroneously contends on appeal and contended in the circuit court that the sentencing limits for a technical violation under Code § 19.2-306.1 would not apply if he had paid nothing at all for his court costs before the November 2021 revocation hearing. Browne erroneously asserts that under such circumstances, his non-payment of court costs would constitute a non-technical violation of his probation.[12] Browne further contends on appeal, as he did in the circuit court, that he made a one-dollar payment for court costs prior to the November 2021 revocation hearing. Browne claims that the receipt in evidence shows his one-dollar payment for

---

[11] The payment schedule set by P.O. Sheets bears the misleading heading "Court Ordered Payment Schedule." The document itself is not a court order and the record shows that it is a schedule for court-ordered payment of court costs, not a court-ordered payment schedule.

[12] Browne's concession on an issue of law does not bind this Court or the circuit court. *See Daily Press, LLC v. Commonwealth*, __ Va. __, __ n.20 (Oct. 20, 2022) (citing *Butcher v. Commonwealth*, 298 Va. 392, 395 (2020) (refusing to be bound by a litigant's "concession of law")).

court costs. However, the receipt states that it is a partial payment of restitution for destruction of personal property, a charge unrelated to the revocation proceeding here. The record includes no evidence that Browne paid any of his court costs. Therefore, applying Browne's erroneous analysis, his non-payment of court costs would be a non-technical probation violation. Browne is incorrect because Browne did not violate the court-ordered condition to pay his court costs within the three-year period of probation. Rather, Browne had only failed to comply with his probation officer's instructions to make scheduled payments of $50 each month, and this violation was a technical violation under Code § 19.2-306.1(A)(v).

Given (1) Browne's contention that paying no court costs at all would be a non-technical violation of his probation and (2) the evidence that Browne made no payments for court costs, the circuit court's erroneous conclusion that Browne's non-payment of court costs was a non-technical violation was invited error. Under the invited error doctrine, "[w]e will not 'notice error which has been invited by the [appellant].'" *Muhammad v. Commonwealth*, 269 Va. 451, 525 (2005) (quoting *Saunders v. Commonwealth*, 211 Va. 399, 400 (1970)). However, this Court has recognized an exception to the procedural bar imposed by the invited error doctrine when the error caused the trial court "to impose a void sentence in excess of the applicable statutory maximum." *Alford v. Commonwealth*, 56 Va. App. 706, 710 n.3 (2010) (quoting *Batts v. Commonwealth*, 30 Va. App. 1, 11 (1999)); *see also Burrell v. Commonwealth*, 283 Va. 474, 481 (2012) (holding that the doctrine of invited error does not preclude a challenge to a sentence that is void ab initio); *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009) (holding that a sentence exceeding "a prescribed statutory range of punishment is void *ab initio* because 'the character of the judgment was not such as the [C]ourt had the power to render'" (alteration in original) (quoting *Anthony v. Kasey*, 83 Va. 338, 340 (1887))); *Commonwealth v. Watson*, 297 Va. 355, 361 (2019) ("any excessive sentence is void"). Since Browne's invited error resulted in a void sentence in excess of the statutory maximum

- 12 -

sentence under Code § 19.2-306.1(C), as explained below, the invited error doctrine does not preclude appellate relief.

### III. The Batterers Intervention Program is Unrelated to Browne's Sentence

In contrast to the circuit court's conditional order to enroll in counseling in the May 2019 sentencing order, the circuit court unconditionally ordered that Browne "shall complete Batter[er]s Intervention Program" in the April 2021 revocation order. A violation of the unconditional order to complete the Batterers Intervention Program would be a non-technical probation violation under Code § 19.2-306.1.

The Commonwealth argues that Browne's probation violation was partially based on his failure to complete the Batterers Intervention Program and, therefore, the circuit court did not err in sentencing Browne to active incarceration for more than 14 days for a non-technical probation violation. We disagree. The record of the November 2021 revocation hearing includes no violation related to the Batterers Intervention Program. In questioning P.O. Sheets on direct examination, the Commonwealth referred to a show cause related to the Batterers Intervention Program that was scheduled for a future hearing in December. P.O. Sheets testified that he was unaware of this show cause, and there is no such show cause in the record. Browne contends on appeal that the show cause related to the Batterers Intervention Program was eventually dismissed.

The circuit court pronounced that it found Browne in violation of the terms and conditions of his supervised probation "based on the evidence before the Court today regarding the letter[, i.e., the major violation report,] and the testimony of Officer Sheets." The major violation report included no alleged violations related to the Batterers Intervention Program. And the only evidence related to the Batterers Intervention Program was P.O. Sheets's testimony that Browne attended and actively participated in the Batterers Intervention classes. After the

circuit court pronounced the basis of the probation violation, the circuit court stated, "I also note that although it hasn't been necessarily argued, the failure to complete the Batterer's Intervention Program, he hasn't completed it." The circuit court's statement that Browne did not complete the program does not constitute a finding of a probation violation in this case because the show cause related to the Batterers Intervention Program was scheduled for a December hearing and had yet to be adjudicated. Therefore, Browne's compliance with the order to complete the Batterers Intervention Program is unrelated to the appealed sentence.

*IV. Browne's Sentence Exceeds the Statutory Maximum Sentence under Code § 19.2 306.1*

Prior to the enactment of Code § 19.2-306.1 in 2021, the statutes governing the procedures for a trial court's exercise of authority over suspended sentences, probation, and revocation proceedings "involve[d] *not the power of the court* but the proper exercise of its authority . . . ." *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (emphasis added) (discussing Code §§ 19.2-304 and 19.2-306). Orders based on a trial court's failure to comply with the requirements for exercising its authority are merely voidable, not void ab initio. *Id.* at 266-67. However, in enacting Code § 19.2-306.1(C), the General Assembly expressly limited the sentencing power of trial courts in revocation proceedings:

> The court shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation, and there shall be a presumption against imposing a sentence of a term of active incarceration for any second technical violation of the terms and conditions of a suspended sentence or probation.

Code § 19.2-306.1(C). Additionally, Code § 19.2-306.1(C) provides that the court may impose a maximum of 14 days of active incarceration for a second technical violation "if the court finds, by a preponderance of the evidence, that the defendant . . . cannot be safely diverted from active incarceration through less restrictive means."

In sentencing Browne to over 14 months of active incarceration, the circuit court imposed a sentence that exceeds the statutory maximum sentence allowed under Code § 19.2-306.1(C). The probation violations underlying Browne's appealed sentence are all technical violations under Code § 19.2-306.1, including his non-compliance with the probation requirements set forth in Subsection A, clauses (ii) ("maintain regular employment"), (v) ("follow the instructions of the probation officer, be truthful and cooperative, and report as instructed"), and (viii) ("refrain from the use [and] possession . . . of controlled substances . . ."). For purposes of sentencing, Browne's technical violations of probation collectively constitute a single technical violation. *See* Code § 19.2-306.1(A) ("Multiple technical violations . . . considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section."). Browne's technical violation is, at most, a second technical violation of probation under Code § 19.2-306.1 because Browne has only one prior probation violation.[13] But the circuit court imposed a sentence of active incarceration of one year, two months, and eleven days—exceeding the fourteen-day maximum sentence for a second technical violation under Code § 19.2-306.1(C).

As a matter of first impression, this Court holds that under the sentencing limitations established in Code § 19.2-306.1(C), the circuit court lacked the power to impose a sentence in

---

[13] This opinion does not decide whether a trial court's prior findings of both technical and non-technical violations of probation at the same revocation hearing count as a prior technical violation for purposes of sentencing under Code § 19.2-306.1(C). According to the concurrence, a prior probation revocation based on both technical and non-technical violations should be counted as a prior technical violation under Code § 19.2-306.1(C). However, the language of Code § 19.2-306.1 could be reasonably construed as evincing a legislative intent to require sentencing leniency for the first and second probation revocations that are based *solely* on technical violations. On this alternative construction, it would defeat the legislative intent of Code § 19.2-306.1 to count a prior "mixed" violation including both technical and non-technical violations as a technical violation for purposes of sentencing under Code § 19.2-306.1(C). Determining which construction best accords with the language and legislative intent of the statute is a question reserved for another day. *But see Blake v. Commonwealth*, 288 Va. 375, 386 (2014) ("If the language of the statute permits two 'reasonable but contradictory constructions,' the statutory construction favorable to the accused should be applied." (quoting *Wesley v. Commonwealth*, 190 Va. 268, 276 (1949))).

excess of the statutory maximum 14-day sentence for a second technical violation of probation, rendering Browne's revocation sentence void ab initio. *See Rawls*, 278 Va. at 221; *Jones v. Commonwealth*, 293 Va. 29, 49 (2017) ("[W]hen a trial court imposes a sentence outside the range set by the legislature, the court's sentencing order—at least to that extent—is void ab initio because the court has no jurisdiction to do so.") In *Kasey*, our Supreme Court explained:

> [I]t is essential to the validity of a judgment or decree that the court rendering it shall have jurisdiction of both the subject-matter and parties. *But this is not all*; for both of these essentials may exist, and still the judgment or decree may be void, *because the character of the judgment was not such as the court had the power to render*, or because the mode of procedure employed by the court was such as it might not lawfully adopt.

*Kasey*, 83 Va. at 340 (emphasis added). In *Commonwealth v. Watson*, the Virginia Supreme Court reaffirmed that "any excessive sentence is void" because it exceeds the court's "power to punish." 297 Va. at 361. Because the circuit court lacked the power to impose on Browne a sentence that exceeded the statutory maximum sentence under Code § 19.2-306.1(C), the revocation sentencing order is void ab initio.

## CONCLUSION

The circuit court erred in imposing a sentence of active incarceration that exceeded the statutory maximum sentence for a second technical violation of probation because Browne had, at most, one prior technical violation of probation. The circuit court thereby exceeded its sentencing power, rendering the revocation sentencing order void ab initio. Thus, in Case No. CR19F00167-02, this Court vacates the revocation sentencing order and remands for resentencing consistent with this opinion.

*Vacated and remanded.*

Athey, J., concurring.

I agree with the majority that Browne failed to pay his court costs in monthly increments based on the payment schedule imposed solely by his probation officer. The majority also correctly determines that the trial court erred in finding that Browne violated a special condition of his sentence that required him to pay his court costs in their entirety prior to being released from probation. I further agree that the trial court erred in sentencing Browne to more than 14 days of active incarceration since his failure to comply with the payment schedule was not a third or subsequent technical violation of probation pursuant to Code § 19.2-306.1. However, I write separately to point out that the violation here was clearly Browne's second, not first, technical violation. I also write separately to illustrate the narrow application of Code § 19.2-306.1 to revocations where participation in a drug treatment program or payment of court costs, fines, and restitution are clearly special conditions imposed by the trial court which then delegates the task of monitoring compliance to the probation office or some other entity.

Initially, while the majority acknowledges that this violation is "at most" a second technical violation, in my opinion, this is unquestionably Browne's second technical violation because his previous revocation was the result of both a major violation *and* a technical violation. Although Code § 19.2-306.1(A) provides that, when there are several technical violations considered at a single probation revocation hearing, the several technical violations count only as a single technical violation, neither Code § 19.2-306.1 nor our precedent suggests that prior technical violations do not count if addressed in a "mixed" proceeding where both major and technical violations are adjudicated. Had the General Assembly wanted to place such a limitation on probationers like Browne who previously committed both major and technical violations which were resolved at the same hearing, it could have easily done so in the text of Code § 19.2-306.1 as it did with respect to multiple technical violations adjudicated at the same

- 17 -

hearing. Since the General Assembly did not, and Browne's previous "conduct matches the conduct listed in Code § 19.2-306.1(A)," his conduct is, "by definition, a 'technical violation,'" regardless of whether it was adjudicated simultaneously with a separate major violation. *Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023). Hence, Browne's previously adjudicated technical violation was his first under Code § 19.2-306.1, and the subsequent technical violation addressed here is his second technical violation—not "at most" his second technical violation.

Next, this case only comes within the purview of Code § 19.2-306.1 because Browne did not violate the court-ordered special condition that he pay his court costs before being released from probation but instead only failed to comply with his probation officer's instructions requiring him to pay those costs pursuant to a specific installment plan. In addition, since the trial court gave the probation office discretion regarding whether Browne would have to enroll in any drug counseling, Browne's failure to do so as directed by his probation officer was not in derogation of a special condition of the trial court but instead only a failure to obey the direction of his probation officer. As the majority aptly states, but for the probation officer's instructions, Browne had no court-ordered obligation to pay his court costs before the expiration of three years or to enroll in drug counseling.

It is also important to note that applying Code § 19.2-306.1 to the payment of fines, court costs, and restitution, as well as drug treatment, is limited and very fact specific. Any number of slight factual variations would have removed this case from the scope of Code § 19.2-306.1. For example, if (1) the trial court had ordered Browne to complete a specific drug treatment program and he failed to do so; (2) Browne had violated the court-ordered condition by failing to pay his court costs within the three-year period of his supervised probation; (3) the trial court had ordered Browne to pay the court costs on a specific payment schedule and Browne had not

- 18 -

complied; or (4) the trial court had delegated the implementation of a payment schedule for court costs, fines, or restitution to the clerk's office, treasurer's office, or in the case of restitution, to a local victim/witness program, instead of the probation office.[14]  Because noncompliance with payment schedules created outside the direction of the probation office would not be categorized as a failure to follow the instructions of the probation officer, any such instance would be a violation of a special condition.  Even if the trial court here had ordered the specific payment schedule or drug treatment program and delegated probation and parole to monitor Browne's compliance, Browne's failure to make scheduled payments or enter the drug treatment program would have been more than a technical violation for disobeying the probation officer.  Since here Browne specifically violated an instruction given solely by his probation officer, Code § 19.2-306.1 applies and this is a second technical violation.[15]

---

[14] See FY18 Fines & Fees Report, Compensation Board, (Dec. 1, 2018), https://www.scb.virginia.gov/docs/fy18finesandfeesreport.pdf (detailing the various procedures and entities that collect court costs, fines, and restitution).

[15] Arguably, because such minor changes in procedure could invite disparate treatment of defendants, Code § 19.2-306.1 may be vague.  *See Tanner v. City of Virginia Beach*, 277 Va. 432, 439 (2009) ("The constitutional prohibition against vagueness also protects citizens from the arbitrary and discriminatory enforcement of laws.  A vague law invites such disparate treatment by impermissibly delegating policy considerations 'to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.'" (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972))). However, this is not the case in which to analyze this issue.

Raphael, J., concurs in the judgment.